UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FREDERICK W. COUCH                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:16-CV-00618-CRS

TRANSWORLD SYSTEMS, INC.                                               DEFENDANT

**MEMORANDUM OPINION**

    I.    Introduction

This matter is before the Court on the motion of Plaintiff Frederick W. Couch for an award of attorney fees and costs, ECF No. 16. Defendant Transworld Systems, Inc. ("TSI") responded, ECF No. 17. Couch replied, additionally requesting leave to file a supplemental petition for attorney fees, ECF No. 20. For the reasons discussed below, the Court will grant the motion for attorney fees and costs in part. The Court will award Couch $3,150.00 in attorney fees and $165.43 in costs, for a total award of $3,315.43. The Court will deny Couch's request for leave to file a supplemental petition for attorney fees.

    II.    Background

Couch brought suit against TSI in the Jefferson County, Kentucky Circuit Court. Compl. 1, ECF No. 1-1. In the complaint, Couch alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq. Id.* ¶ 1. Specifically, Couch alleges that TSI sent a letter to him in an effort to collect a debt in the amount of $42.55. *Id.* ¶ 9. The word "TRANSMITTAL" was printed in large font over a bold green stripe across the envelope containing the letter. *Id.* ¶ 10. In addition, a "barcode and data matrix code" could be seen through the clear window pane of the envelope. *Id.* ¶ 11.

TSI removed the case to this Court. Notice Removal 1, ECF No. 1. On December 22, 2016, TSI made an offer of judgment to Couch under Federal Rule of Civil Procedure 68. Offer J. 1, ECF No. 13-1. The offer specified that, without admitting liability, TSI would pay $1,001.00 in statutory and actual damages, as well as "an amount for reasonable attorney's fees and costs." *Id.* The attorney fees and costs were to be either agreed upon by the parties or determined by the Court. *Id.*

Couch accepted TSI's offer. *Id.* at 2; Couch Letter, ECF No. 13-2. Couch filed notice with this Court that he had accepted TSI's offer. Notice Acceptance, ECF No. 13. Couch moved this Court for entry of judgment. Mot. J., ECF No. 15. This Court entered judgment on April 21, 2017. Order, ECF No. 21. The parties were unable to agree on a reasonable fee award and Couch now moves this Court for an award of attorney fees and costs. Mot. Att'y Fees, ECF No. 16.

III.    Discussion

The FDCPA entitles a prevailing party to reasonable attorney fees and court costs. 15 U.S.C. § 1692k(a)(3). A reasonable attorney fee is "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). To calculate a reasonable fee, district courts in the Sixth Circuit use the "lodestar" method. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar method involves multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The goal in shifting fees is not to "achieve auditing perfection," but to "do rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Thus, there is a strong presumption that the lodestar figure will be reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean*

*Air*, 478 U.S. 546, 565 (1986). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. In addition, counsel for the prevailing party should exercise "billing judgment"[1] and exclude "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Once the Court arrives at a lodestar figure, it may then, within its discretion, adjust this figure to reflect the considerations outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). These considerations are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney because of acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19, *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

---

[1] TSI encourages this Court to require the prevailing party to "prove" that his attorneys exercised billing judgment by documenting not only hours claimed, but also hours written off as excessive, redundant, or unnecessary. Resp. Opp. Mot. Att'y Fees 3–6, ECF No. 17. But TSI cites cases only from the Fifth Circuit for this requirement. *See id.* (citing *Whatley v. Creditwatch Servs., Ltd.*, No. 4:11-CV-493, 2014 WL 1287131, at \*1 (E.D. Tex. Mar. 31, 2014); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006); *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990); *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996); *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987)). Without a showing that the Sixth Circuit has adopted this requirement, this Court will not require Couch's attorneys to prove that they exercised billing judgment in this way.

Couch asks this Court to award him $6,500.00 in attorney fees and $165.43 in costs.[2] Mot. Att'y Fees, ECF No. 16. He also requests leave to file a supplemental petition for attorney fees incurred pursuing these attorney fees. Reply Supp. Mot. Att'y Fees 7, ECF No. 20. Couch attaches a declaration by his attorney, Nina Couch, in which she documents the hours spent on this case by her and her co-counsel, Zachary L. Taylor. Decl. 2–3, ECF No. 16-1. Attorney Couch also states that the attorneys' hourly rate is $250.00. *Id.* ¶ 6. TSI does not contest that $250.00 is a reasonable hourly rate. Resp. Opp. Mot. Att'y Fees 3 n.1, ECF No. 17. Rather, TSI contests the amount of hours Couch's attorneys spent on this litigation. *Id.* at 2. TSI asserts that Couch "seeks compensation for excessive, duplicative, and non-compensable billing entries." *Id.* Additionally, TSI asserts that application of the *Johnson* considerations warrants further reduction in the award of attorney fees. *Id.* at 7–9. TSI suggests that Couch's attorney fee award should be reduced to $1,925.00.[3] *Id.* at 9.

A.  Whether There Are Excessive Billing Entries

TSI points to the following billing entries as excessive: (1) Entry on 8/1/2016 for 6.4 hours for "Research;" (2) Entry on 9/29/2016 for 0.8 hours for "Prepare and File Jury Demand;" (3) Entry on 10/28/2016 for 2.5 hours for "Draft Discovery Requests." *Id.* at 5 (citing Decl. 2–3, ECF No. 16-1).

First, TSI states that the 6.4 hour entry for "Research" is excessive because there is no explanation of the type of research conducted. *Id.* Thus, it asserts, "it is impossible to evaluate the necessity of over six hours of research." *Id.* TSI recommends that this Court reduce the

---

[2] TSI does not object to the amount of Couch's requested costs.
[3] TSI suggests that the lodestar amount, after having removed the excessive, duplicative, and non-compensable billing entries, is $3,850. Resp. Opp. Mot. Att'y Fees 7, ECF No. 17. It attaches a chart detailing what it believes to be a reasonable amount of hours spent on this case. Time Entries, ECF No. 17-2. TSI also suggests a further reduction of 50% based on the *Johnson* considerations, resulting in an award of $1,925.00. Resp. Opp. Mot. Att'y Fees 9, ECF No. 17.

amount of time awarded for this entry to 3.2 hours. Time Entries 2, ECF No. 17-2. Couch replies

that "the FDCPA is an evolving body of law" and points to a circuit split, on which the Sixth

Circuit has not decided, over whether a "benign language exception" exists. Reply Supp. Mot.

Att'y Fees 5, ECF No. 20. He asserts that because the Sixth Circuit has not decided the issue, his

attorneys researched this exception both prior to and after filing the complaint. *Id.* Couch argues

that this type of "preliminary research helps facilitate early settlement and prevents the

institution and maintenance of meritless lawsuits." *Id.*

The Sixth Circuit addressed billing entries labeled simply "Research" in *Imwalle*. 515

F.3d at 552–54. There, the defendant argued that such billing entries "were vague and failed to

identify the general subject matter of the activity involved." *Id.* at 553. The district court below

had held that "Imwalle's counsel 'submitted documentation of sufficient detail and probative

value to enable the [c]ourt to determine with a high degree of certainty that the . . . hours were

actually and reasonably expended in the prosecution of the action." *Id.* at 552–53. The Sixth

Circuit examined the billing entries and found it relevant that (1) the billing entries were specific

as to the date, the attorney billing the time, the time billed in tenths of an hour, and the task

completed, (2) the computer-generated records contained information identifying the client, and

(3) the records appeared to have been maintained contemporaneously with the work. *Id.* at 553–

54. The court pointed out that "[a]lthough some of the time entries . . . provide[d] only the

briefest description of the task completed, [the Sixth Circuit] ha[s] held that explicitly detailed

descriptions are not required." *Id.* at 554. The court found that Imwalle's billing entries, "when

read in the context of the billing statement as a whole and in conjunction with the timeline of the

litigation, support[ed] the district court's determination." *Id.*

In this case, Attorney Couch stated that she and her co-counsel had a practice of contemporaneously recording time. Decl. ¶ 7, ECF No. 16-1. Moreover, Attorney Couch provides this Court with a list of billing entries that specify the date of the billed activity, the attorney billing the time, a brief description of the work performed, the time billed in tenths of an hour, and the calculated fee for each entry. Decl. 2–3, ECF No. 16-1. The dates listed correspond to the allegations in the complaint. According to the billing entries, Attorney Couch spent August 1, 2016 performing research and reviewing her client's documents. *Id.* at 2. The complaint alleges that on August 2, 2016, Couch, by counsel, sent correspondence to TSI. Compl. ¶ 12, ECF No. 1-1. These events occurred in a logical fashion and show that the hours charged were actually and reasonably expended in the prosecution of this action. This Court finds that Couch has made a showing that these 6.4 hours for research are reasonable.

Second, TSI states that the 0.8 hour entry for "Prepare and File Jury Demand" is excessive because it was only a one-sentence form jury demand. Resp. Opp. Mot. Att'y Fees 5, ECF No. 17. TSI recommends that this Court reduce the amount of time awarded for this entry to 0.1 hours. Time Entries 2, ECF No. 17-2. Couch's jury demand in this case was one sentence: "The Plaintiff, Frederick W. Couch, by counsel, pursuant to Fed. R. Civ. P. 38(b), demands a trial by jury on all issues triable." Jury Demand, ECF No. 4. This Court agrees that 0.8 hours is excessive for drafting a one-sentence document. But the jury demand was the first document that Couch filed in this Court for this case. Thus, the Court does not find that reducing the time to 0.1 hours is the proper conclusion. Instead, the Court will reduce the amount of time awarded for this entry to 0.5 hours.

Third, TSI states that the 2.5 hour entry on October 28, 2016 for "Draft Discovery Requests" is excessive because the discovery sent was disproportional to the needs of the case.

Resp. Opp. Mot. Att'y Fees 5, ECF No. 17. TSI attaches the requests for production that Couch sent on that date. Req. Produc., ECF No. 17-1. The total document is 13 pages long and consists of 29 requests. *Id.* TSI recommends that this Court reduce the amount of time awarded for this entry to 0.6 hours. Time Entries 3, ECF No. 17-2. But there is no limit to the amount of requests that may be made under Federal Rule of Civil Procedure 34. In addition, the requests made in this case do not appear to be out of the ordinary for a claim under the FDCPA. Thus, the Court will not reduce the amount of time awarded for this entry.

B.  Whether There Are Duplicative Billing Entries

TSI points to the following billing entries as duplicative between the two attorneys: (1) Entry on 8/25/2016 by Attorney Couch for 0.5 hours for "Review and File Complaint;" and (2) Entry on 9/29/2016 by Attorney Taylor for 0.2 hours for "Jury Demand." Resp. Opp. Mot. Att'y Fees 5–6, ECF No. 17 (citing Decl. 2–3, ECF No. 16-1).

First, TSI states that the 0.5 hour entry for "Review and File Complaint" is duplicative of the immediately preceding entry for "Review Complaint" by Attorney Taylor for 0.3 hours. *Id.* at 6. TSI recommends that this Court strike the amount of time awarded for this entry. Time Entries 2, ECF No. 17-2. Second, TSI states that the 0.2 hour entry for "Jury Demand" is duplicative of the immediately preceding entry for "Prepare and File Jury Demand" by Attorney Couch for 0.8 hours. Resp. Opp. Mot. Att'y Fees 6, ECF No. 17. TSI asserts that it is particularly duplicative because "the filed jury demand was a one-sentence form pleading and Attorney Taylor had not yet made an appearance in this matter." *Id.* TSI recommends that this Court strike the amount of time awarded for this entry. Time Entries 2, ECF No. 17-2. Third, without analysis, TSI also recommends that this Court strike the amount of time awarded for an entry on 11/17/2016 by Attorney Taylor for 0.1 hours for "Review Demand Email" as duplicative. *Id.* at 3.

The Court does not find these entries to be duplicative. Rather, the Court finds that it is reasonable for one attorney to ask another attorney in her firm or ask her co-counsel to review pleadings or other documents before filing them. The modest amount of time that these attorneys spent reviewing the complaint, jury demand, and demand email are thus reasonable to this Court and will not be stricken.

C. <u>Whether There Are Non-Compensable Billing Entries</u>

TSI points to the following billing entries as non-compensable: (1) Entry on 11/2/2016 for 2.7 hours for "Draft Case Management Plan;" (2) Entry on 11/2/2016 for 0.1 hours for "Send e-mail to Defendant's Counsel w/ Drafts of Case Management Plan;" (3) Entry on 11/2/2016 for 0.2 hours for "Review Case Management Plan;" (4) Entry on 11/3/2016 for 0.7 hours for "Review Case Management Plan; Attend telephonic 26f Conference;" (5) "several time entries for administrative tasks such as filing pleadings and mailings." Resp. Opp. Mot. Att'y Fees 6–7, ECF No. 17 (citing Decl. 2–3, ECF No. 16-1).

First, TSI states that any billing entries related to drafting a "Case Management Plan" should be stricken because such a plan was not required by the Court and was never filed with the Court. *Id.* at 7. It asserts that the Case Management Plan did not conform to the Court's "Report of Parties' Planning Meeting" form provided in this Court's October 18, 2016 order. *Id.* TSI recommends that this Court strike the amount of time awarded for these entries, excluding the time spent on the telephonic 26(f) conference. Time Entries 3, ECF No. 17-2. Couch replies that counsel for TSI asked Attorney Couch to prepare the Case Management Plan, and that she re-drafted the plan until it was acceptable to all parties. Reply Supp. Mot. Att'y Fees 6–7, ECF No. 20. Moreover, Couch cites to a Sixth Circuit case in which the court found no abuse of discretion when the district court below granted attorney fees for an unfiled memorandum. *Ne.*

*Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 708 (6th Cir. 2016). The district court had found the unfiled memorandum to be "of a sort that 'a reasonable attorney would have believed … to be reasonably expended in pursuit of success at the point in time when the work was performed.'" *Id.* (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). Likewise, this Court finds that time spent working on the Case Management Plan is the sort of time that Attorneys Couch and Taylor would have reasonably believed to be expended at the time. It appears that these attorneys were merely attempting to prepare for the anticipated Rule 26(f) conference. Thus, this Court will not strike the time these attorneys spent on the Case Management Plan.

Second, TSI states that any entries for administrative tasks are non-compensable because "[w]hen an attorney performs clerical work, it is not recoverable at an attorney's rate." Resp. Opp. Mot. Att'y Fees 7, ECF No. 17 (citing *Johnson*, 488 F.2d at 717). TSI recommends that this Court strike the amount of time awarded for: (1) Entry on 10/28/2016 for 0.2 hours for "Send Discovery Requests;" (2) Entry on 11/11/2016 for 0.3 hours for "Review, File, and Prepare Entry of Appearance;" and (3) Entry on 11/29/2016 for 0.5 hours for "File Joint Scheduling Report." Time Entries 3–4, ECF No. 17-2.

While TSI is correct that clerical work is not recoverable *at an attorney's rate*, its suggestion to strike completely the hours spent performing this clerical work is unreasonable. Rather, filing pleadings is legal is nature and is compensatory, although at a lower rate. *Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928, at *3 (N.D. Ohio July 16, 2012). The Court will reduce the amount of hours awarded under these three entries as follows: (1) Entry on 10/28/2016 for "Send Discovery Requests" will be awarded for 0.1 hours; (2) Entry on

11/11/2016 for "Review, File, and Prepare Entry of Appearance" will be awarded for 0.2 hours; (3) Entry on 11/29/2016 for "File Joint Scheduling Report" will be awarded for 0.2 hours.

In sum, the Court will make the following changes to the hours billed under the lodestar calculation: (1) Entry on 9/29/2016 for "Prepare and File Jury Demand" is decreased from 0.8 hours to 0.5 hours for a change in compensation from $200.00 to $125.00; (2) Entry on 10/28/2016 for "Send Discovery Requests" is decreased from 0.2 hours to 0.1 hours for a change in compensation from $50.00 to $25.00; (3) Entry on 11/11/2016 for "Review, File, and Prepare Entry of Appearance" is decreased from 0.3 hours to 0.2 hours for a change in compensation from $75.00 to $50.00; (4) Entry on 11/29/2016 for "File Joint Scheduling Report" is decreased from 0.5 hours to 0.2 hours for a change in compensation from $125.00 to $50.00. These changes result in a decrease in billed hours from 26 hours to 25.2 hours. This decrease in billed hours results in a decrease in compensation from $6,500.00 to $6,300.00. Therefore, the new lodestar amount is $6,300.00.

### D. Whether Application of the *Johnson* Considerations Warrants Further Reduction in the Award of Attorney Fees

TSI points to two *Johnson* considerations that warrant a further reduction in Couch's attorney fee award: (1) the degree of success obtained and (2) the nature and length of the professional relationship with the client. Resp. Opp. Mot. Att'y Fees 8–9, ECF No. 17.

First, the Court may consider the degree of success obtained. TSI relies on *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) for the principle that this is the most important *Johnson* consideration. *Id.* at 8. In *Farrar*, the Supreme Court found that a plaintiff who sought compensatory damages but "prevailed" with only nominal damages should not have received attorney fees because the plaintiff failed to prove actual injury. 506 U.S. at 115. TSI states that, considering Couch sought actual and punitive damages, he only achieved limited success in

recovering $1,000.00 in statutory damages under the FDCPA. Resp. Opp. Mot. Att'y Fees 8, ECF No. 17. Couch replies that he was very successful in winning a judgment for $1,001.00. Reply Supp. Mot. Att'y Fees 5–6, ECF No. 20. Under the FDCPA, $1,000.00 is the maximum amount of statutory damages that can be obtained. 15 U.S.C. § 1692k(a)(2)(A). Couch points to a Seventh Circuit case in which the court found that the plaintiff had "obtained a high degree of success" under *Farrar* when she was awarded $1,000.00 under the FDCPA. *See Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995). The Sixth Circuit does not appear to have adopted such reasoning.

In this case, Couch alleged violations of the FDCPA and state law. Compl. 3–4, ECF No. 1-1. He sought actual and punitive damages, in addition to statutory damages. *Id.* at 5. In its offer of judgment, TSI offered for judgment to be entered against it for $1,001.00 in statutory and actual damages for all of TSI's violations alleged in the complaint, without admitting any liability. Offer J. ¶ 3, ECF No. 13-1. Thus, Couch was successful in receiving statutory and actual damages, albeit a small amount of actual damages, on all claims. On the other hand, Couch was unsuccessful in receiving punitive damages and in establishing liability against TSI for its alleged violations.

In cases of partial success, the district court has the discretion to either "attempt to identify specific hours that should be eliminated" or "simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37. Courts in the Sixth Circuit, when faced with similar circumstances of partial success, tend to reduce the amount of total attorney hours by a percentage amount. *See, e.g.*, *Shields v. Merchs. & Med. Credit Corp., Inc.*, No. 08-14999, 2011 WL 3566485, at *7 (E.D. Mich. June 30, 2011) (reducing the claimed attorney hours by 50% when the parties settled an FDCPA case for $1,000 in statutory damages). *See also Richard v.*

*Oak Tree Grp., Inc.*, No. 1:06-CV-362, 2009 WL 3234159, at *4 (W.D. Mich. Sept. 30, 2009) (reducing the requested fee by 85% when the plaintiff secured a $50.00 remedy on a relatively minor violation of the FDCPA). Based on Couch's limited success, and comparing this case to similar cases from the circuit, this Court will reduce the lodestar amount by 50%. As discussed above, the new lodestar amount is $6,300.00. After making an adjustment for partial success, the Court will award Couch $3,150.00 in attorney fees.

Second, the Court may consider the nature and length of the professional relationship with the client. TSI states that Couch and Attorney Couch are married and that the unpaid dry-cleaning bill that was the subject of this litigation was for women's professional clothing—presumably that of Attorney Couch. Resp. Opp. Mot. Att'y Fees 8, ECF No. 17. Couch replies that an attorney is entitled to a reasonable fee even when representing a spouse. Reply Supp. Mot. Att'y Fees 6, ECF No. 20. Couch cites to *Rickley v. County of Los Angeles*, a case in which the Ninth Circuit held that an attorney-spouse was entitled to an award of attorney fees in a civil rights action. 654 F.3d 950, 956 (9th Cir. 2011). Couch argues that the same principle should apply to FDCPA cases because "[l]ike the civil rights laws, the FDCPA is a remedial statute designed to protect consumers from debt collection abuse." Reply Supp. Mot. Att'y Fees 6, ECF No. 20. The Sixth Circuit does not appear to have decided this issue. But this Court agrees with Couch's reasoning. The spousal relationship between Couch and his attorney does not diminish the work she has performed on this case. Thus, this Court will not reduce the attorney fees awarded based on their relationship.

### E. Whether Couch is Entitled to File a Supplemental Petition for Attorney Fees

Couch requests leave to file a supplemental petition for attorney fees incurred in defending the instant attorney fee petition. *Id.* at 7. He asserts that his attorneys "have spent

12

hours negotiating with TSI and then litigating the issue of attorney fees." *Id.* The Sixth Circuit recognizes that plaintiffs are entitled to reasonable attorney fees for the hours spent seeking their attorney fee award. *Ne. Ohio Coal. for the Homeless*, 831 F.3d at 725. But in this case, Couch agreed that "the Judgment entered shall also include an amount for reasonable attorney's fees and costs accrued *through the date of this Offer of Judgment* with respect to the claims against TSI." Offer J. ¶ 4, ECF No. 13-1 (emphasis added). Moreover, the offer of judgment stated that reasonable attorney fees can be "determined by the Court on application by Plaintiff's counsel subject to the limitation that attorney's fees and costs are *cut off as of the date of this Offer of Judgment*." *Id.* (emphasis added). Thus, the Court finds that the parties agreed that any attorney fee award would extend only as far as the date of TSI's offer. As such, the Court will deny Couch's request for leave to file a supplemental petition for attorney fees.

IV.    Conclusion

The Court will award Couch $3,150.00 in attorney fees and $165.43 in costs, for a total award of $3,315.43. The Court will deny Couch's request for leave to file a supplemental petition for attorney fees.

An order will be tendered in accordance with this memorandum opinion.

April 24, 2017

Charles R. Simpson III, Senior Judge
United States District Court